UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDDIE C. MULLEN,<br>    *Plaintiff*, | Civil Case Number |
| v. | 3:15-CV-00023 (VLB) |
| WATERBURY BOARD OF<br>EDUCATION, RON FROST;<br>    *Defendants.* | September 12, 2017 |

## RULING AND ORDER

Defendants have moved for summary judgment as to Plaintiff's employment discrimination case brought under 28 U.S.C. § 1983. Defendants submitted an affidavit from Paul Guidone, the Chief Operating Officer for the Waterbury Department of Education from 2002 until 2015 and the Chief of Staff from 2010 until 2015. [Dkt. 36-3 (Guidone Aff.)]. Guidone attests to the standard practices and procedures for evaluating full-time and substitute teachers seeking to be rehired in the Waterbury school system. *Id.* ¶¶ 4-6. He attests the "procedures were followed when Eddie Mullen applied to be rehired" and that "Ronald Frost was the Director of Personnel when Eddie Mullen applied for a teaching position in 2011." *Id.* ¶¶ 7-8. Defendants also submitted an affidavit from Daniel Foster, Staff Attorney for the City of Waterbury Office of Corporation Counsel, who attested that the Connecticut Commission on Human Rights and Opportunities ("CHRO") documents filed as exhibits were true and accurate copies. *See* [Dkt. 36-4 (Foster Aff. and Exs.)]. The exhibits include (A) Mullen's Affidavit of Illegal Discriminatory Practice (i.e. his CHRO complaint), (B) Respondents' Response, (C) Mullen's Letter

1

in Response, (D) the CHRO's draft findings, (E) Mullen's Letter in Response and newspaper articles, and (F) the CHRO's final determinations. *Id.*

In reviewing the parties' briefing, the Court notes that while Defendant filed CHRO material indicating Plaintiff was intoxicated, suffers from alcoholism, and may have suffered a seizure as a result, and the decision not to hire Plaintiff was based on knowledge of these facts, such material is not admissible evidence. *See* [Dkt. 36-4 at 40-42]. The CHRO documents merely constitute evidence that the CHRO made a determination of "no reasonable cause" for the reasons set forth in the Findings of Fact. *See id.* The CHRO's findings are not admissible to demonstrate a legitimate, non-discriminatory reason why Plaintiff was not rehired, because it is not direct evidence and Plaintiff is entitled to this Court's own review of the parties' admissible evidence. *See generally Abrams v. Dep't of Public Safety*, 764 F.3d 244 (2d Cir. 2014) (discussing plaintiff's performance reports, depositions, and other direct evidence in evaluating plaintiff's § 1983 claim); *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 213-14 (2004) (evaluating affidavits from each individual defendant "denying that the discriminatory and/or harassing conduct attributed to him by Patterson had in fact occurred").

Defendants have not presented the Court with any evidence of admissible business or public records, such as Plaintiff's employment file, that address the rehiring decision made in November 2011. Defendants similarly have not submitted affidavits from people with *personal knowledge* about the decision not to rehire Plaintiff. The Court also has not been presented with any investigatory reports about Plaintiff's incident in 2001. Accordingly, the Court hereby ORDERS

**Defendants to supplement the Local Rule 56(a)(1) statement to provide admissible business and public records, affidavits from those with personal knowledge, or other admissible evidence demonstrating Defendants' legitimate non-discriminatory reason for electing not to rehire Plaintiff. Defendants shall supplement the Local Rule 56(a)(1) statement on or before September 26, 2017. Plaintiff shall file a Local Rule 56(a)(2) statement on or before October 3, 2017. The trial will be continued to February 2018 and the parties shall submit the Joint Trial Memorandum on or before December 19, 2017.**

                                        **IT IS SO ORDERED.**

                                      _____/s/_____
                                      **Hon. Vanessa L. Bryant**
                                      **United States District Judge**

**Dated at Hartford, Connecticut: September 12, 2017**